Musa MOHAMED, Petitioner,

v.

Alberto R. GONZALES,* Attorney General, Respondent.

No. 03–70993.

Agency No. A75–617–410.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 17, 2005.**

Decided April 25, 2005.

Beth S. Persky, Judith L. Wood, Law Offices of Judith L. Wood, Los Angeles, CA, for Petitioner.

CAC-District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Donald E. Keener, Esq., John J. Andre, Washington, DC, for Respondent.

Before KLEINFELD and WARDLAW, Circuit Judges, and COLLINS,*** District Judge.

MEMORANDUM****

We lack jurisdiction to review the Immigration Judge's determination that Mohamed's asylum application is time barred and accordingly we dismiss the petition for review as to the asylum claim.[1]

We review for substantial evidence the Immigration Judge's decision to deny withholding of removal.[2] There is not substantial evidence showing that it is more likely than not that Mohamed would be persecuted if he returned to Bangladesh.[3] The violence of which Mohammed alleges he was a victim, decades ago when he was a student, is not enough to show that it is more likely than not he will be persecuted if he returns to Bangladesh.

Mohamed has also failed to show that it is more likely than not he would be tortured if he were removed to Bangladesh, and thus does not qualify for withholding of removal under the Convention Against Torture.[4] He has not shown that he was

---

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** The Honorable Raner C. Collins, United States District Judge for Arizona, sitting by designation.

1. *See Hakeem v. INS,* 273 F.3d 812, 815–816 (9th Cir.2001); 8 U.S.C. § 1158(a)(3).

2. *Id.* at 816.

3. *Id.*

4. 8 C.F.R. § 208.16(c)(2).

tortured in the past, nor has he shown any likelihood that he would be tortured if he returned to Bangladesh.

Mohamed is not statutorily eligible for cancellation of removal because he failed to establish ten years of continuous physical presence.[5] Because his passport indicates absences in the aggregate of over 180 days, Mohamed did not maintain ten years of continuous physical presence.[6]

Finally, the BIA's summary affirmance of the Immigration Judge's decision was proper. A single board member can summarily affirm either when "[t]he issue on appeal is squarely controlled by existing Board or federal court precedent and does not involve the application of precedent to a novel factual situation" or "[t]he factual and legal questions raised on appeal are so insubstantial that three-member review is not warranted."[7] None of Mohamed's claims on appeal violate this standard.

**PETITION DISMISSED in part and DENIED in part.**

---

5. 8 U.S.C. § 1229b(b)(1)(A).

6. 8 U.S.C. § 1229b(d)(2).

7. 8 C.F.R. § 1003.1(a)(7)(A) and (B).

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.